Eastern District of Kentucky
FILED
SEP 2 6 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-10-JBC

JENNIFER BLANTON,                          PLAINTIFF

V.          **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
   Social Security Administration,                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Jennifer Blanton, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that she was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision, and that based on her application for disability insurance benefits (DIB) filed on February 12, 2001, she was not disabled and was not entitled to disability benefits.

This matter is before the Court on cross-motions for summary judgment. [DE ##11, 12].

By Order of June 29, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

Plaintiff alleges that she became disabled on December 15, 1999, at age 28, due to degenerative disc disease, fibromyalgia, carpal tunnel syndrome, and depression. Her DIB application was denied initially and on reconsideration, resulting in an ALJ hearings conducted on July 8, 2002, October 6, 2003, and January 14, 2004. On March 25, 2004, ALJ Ronald M. Kayser found that plaintiff had not been disabled at any time through the date of that decision; therefore, she was not entitled to disability benefits. (Tr. 19-28).

Plaintiff was born on November 17, 1971, has a high school education, plus two years of college, and has past relevant work experience (PRW) as a delicatessen worker, a factory worker assembling vehicles, and as a grocery store cashier. Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since her alleged onset date; (2) claimant's degenerative disc disease and morbid obesity (270 pounds at 68") were "severe" impairments; however, claimant's medically determinable impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's complaints of fibromyalgia, carpal tunnel syndrome, and a depressive disorder are non-severe under the Regulations; (4) claimant's subjective complaints are disproportionate to the medical evidence and are not fully credible; (5) claimant is unable to perform any of her PRW; (6) claimant has no acquired work skills transferable to the skilled or semi-skilled work functions of other work; (7) claimant has the residual functional capacity (RFC) to perform light work, with certain restrictions; (8) although claimant's exertional and non-exertional limitations do not permit her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there is a significant number of jobs in the national economy that claimant can perform, such as janitorial, including housekeeper, and file clerk; and (9) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, March 25, 2004. (Tr. 19-28).

On November 17, 2004, the Appeals Council declined to review the ALJ's decision (Tr. 11-13); therefore, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

### IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of her motion for summary judgment, plaintiff contends that the ALJ erred (1) in finding that plaintiff's severe impairments did not meet the criteria of a Listing, (2) by failing to give proper weight to the opinions of plaintiff's treating physicians, (3) in evaluating plaintiff's testimony concerning her pain, symptoms, and limitations, (4) in determining plaintiff's RFC and in failing to assess plaintiff's mental limitations. For these reasons, plaintiff asserts that the ALJ's decision is not supported by substantial evidence, and plaintiff requests that the Commissioner's decision be reversed and that she be awarded disability benefits. Alternatively, plaintiff requests that this action be remanded to the Commissioner for a new ALJ hearing before a different ALJ.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record (Exhibits 1F through 24F), and the transcripts of the three ALJ hearings.

**A.     The ALJ's finding that plaintiff's severe impairments did not meet a Listing**

Plaintiff alleges that the ALJ erred in finding that her severe mental condition did not meet Listing 12.04 for depression at step three of the sequential evaluation, 20 C.F.R. §§

404.1520(a)(4)(iii), (d). However, plaintiff cites no psychological or psychiatric opinion of record that her mental impairments meet Listing 12.04.

It is insufficient for plaintiff to almost meet a listing impairment; she must present specific clinical findings contained in the medical evidence before the ALJ at the time of his decision showing that she meets all of the criteria of a particular listing. *See Dorton v. Heckler*, 789 F.2d 363, 365-67 (6th Cir. 1986); *Hale v. Secretary of Health and Human Services*, 816 F.2d 1078, 1082-83 (6th Cir. 1987); 20 C.F.R. §§ 404.1525, 404.1526.

In this case, medical expert Doug McKeown, Ph.D., testified at the January 14, 2004 ALJ hearing that based upon his review of all of the relevant evidence, plaintiff did not meet Listing 12.04 (Tr. 85-87). *See Atterberry v. Secretary of Health and Human Services*, 871 F.2d 567, 570 (6th Cir. 1989) (medical expert's testimony that is consistent with evidence of record is substantial evidence to support the ALJ's findings); *Hale v. Secretary of Health and Human Services*, 816 F.2d at 1083 (same); *Buxton v. Commissioner of Social Security*, 246 F.3d 762, 775 (6th Cir. 2001) (an ALJ can properly rely on non-examining medical expert testimony to "make sense of the record.").

Upon review of the medical opinion of Dr. R. Ghanta of Ridge Behavioral Health dated September 23, 2002, the consultative examination by Dr. Lynne in September of 2002, and the testimony of medical expert Doug McKeown, Ph.D., given at the ALJ hearing on January 14, 2004, the Magistrate Judge concludes that the foregoing medical opinions are substantial evidence to support the ALJ's finding that plaintiff did not meet any mental listing, including Listing 12.04.

**B.     The weight given to the opinions of plaintiff's treating physicians**

Plaintiff also claims that the ALJ erred by failing to give proper weight to the opinions of her treating physicians concerning her back impairment. The objective findings of record include (1) a September 25, 1998, MRI showing only *mild* bulges with no stenosis (Tr. 203); (2) a December 23, 1996, MRI showing only a *small* disc herniation and a *slight* disc bulge *without* evidence of nerve root entrapment or spinal stenosis (Tr. 204); and (3) a May 8, 2002, MRI showing only *mild* bulges and *no significant abnormality* of the lumbar spine (Tr. 325-326).

4

In support of her claim that the ALJ failed to give proper weight to the opinions of her treating physicians, plaintiff refers to the October 12, 1998, opinion of her chiropractor, Robert Boardman, D.C., that she is unable to work (Tr. 215). This argument is unpersuasive due to the fact that plaintiff alleges an onset date of December 15, 1999, some fourteen (14) months subsequent to the chiropractor's October 12, 1998 opinion. Additionally, the ALJ was not bound by the opinion of Dr. Boardman for two reasons: (1) the ultimate decision concerning disability is reserved to the Commissioner, and (2) chiropractors are not acceptable medical sources. See 20 C.F.R. §§ 404.1513(a) (2003). See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997) ("the ALJ has the discretion to determine the appropriate weight to accord a chiropractor's opinion based on all evidence in the record since a chiropractor is not a medical source.").

As to the opinions of acceptable medical sources, an MRI dated January 8, 2001, which was ordered by plaintiff's treating physician Dr. Rita Egan showed evidence of spasm and degenerative disc disease, but it also specifically showed *no evidence of disc protrusion, stenosis, nerve root swelling, or a surgical problem.* (Tr. 286). In the absence of any intervening treatment record, on September 14, 2001, Dr. Egan concluded that plaintiff's physical limitations precluded her from performing even sedentary work (Tr. 283-300).

Other medical evidence of record reflects that Dr. Byron Westerfield, examined plaintiff on one occasion, April 12, 2001; thus, he is not a treating physician. (Tr. 258-59). Although x-rays taken by Dr. Westerfield showed *some* spasms, he specifically noted that there were no functional limitations on examination, and his objective findings included a normal neurological exam. (Tr. 259). Subsequent to Dr. Westerfield's examination, on May 17, 2001, state agency physician Dr. David Swan opined that plaintiff could perform a significant range of work (Tr. 262-271), and this opinion was adopted on August 14, 2001, by state agency physician Dr. Gary Higgason (Tr. 274-281). The physical limitations assessed by Drs. Swan and Higgason are the same limitations included in the ALJ's RFC determination (Tr. 25-27, Finding No. 4), and in his hypothetical question to the VE, who testified that there would still be jobs that plaintiff could perform (Tr. 107-110). See

5

96-6p (state agency physicians are medical experts in disability claims and are to be accorded proper weight); 20 C.F.R. § 404.1527(f)(2) ("State agency medical ... consultants ... are highly qualified physicians . . . who are also experts in Social Security disability evaluation.").

Thus, Dr. Egan's conclusory opinion that plaintiff is unable to perform even sedentary work is inconsistent with the objective medical evidence of record, such as (1) the MRI dated January 8, 2001, (2) the MRI dated September 25, 1998, showing only *mild* bulges with no stenosis (Tr. 203); (3) the MRI dated December 23, 1996, showing only a *small* disc herniation and a *slight* disc bulge *without evidence of nerve root entrapment or spinal stenosis* (Tr. 204); (4) the MRI dated May 8, 2002, showing only *mild* bulges and no significant abnormality of the lumbar spine (Tr. 325-26); (5) the April 19, 2001, opinion of Dr. Westerfield that plaintiff had no functional limitations on exam (Tr. 258-59); and (6) the May 17, 2001 opinion of state agency physician Dr. Swan, and the August 14, 2001 opinion of state agency physician Dr. Higgason that plaintiff could perform light work (Tr. 262-271, 274-281). Consequently, the ALJ properly found that the opinion of Dr. Egan was entitled to no weight. (Tr. 20). *See Houston v. Secretary of Health and Human Services*, 736 F.2d at 367; *Crouch v. Secretary of Health and Human Services*, 909 F.2d at 856; 20 C.F.R. §§ 404.1527(a), (b), (d)(2)-(4). The Magistrate Judge also concludes that the foregoing medical evidence establishes that the ALJ's decision that plaintiff can perform light work is supported by substantial evidence.

Therefore, plaintiff's argument that the ALJ erred by failing to give proper weight to the opinions of her treating physicians concerning her back impairment is without foundation.

C.     **ALJ's evaluation of plaintiff's testimony concerning her pain, symptoms, and limitations**

Plaintiff also claims that the ALJ erred in evaluating her testimony regarding her pain, symptoms, and limitations, and by finding her testimony not to be fully credible.

It is the function of the Commissioner, not the reviewing court, to make credibility findings concerning a claimant's testimony as to her subjective complaints. *See Richardson v. Perales*, 402 U.S. 389, 400 (1971). A claimant's subjective complaints of disabling pain are insufficient to establish disability. *See Tyra v. Secretary of Health and Human Services*, 896 F.2d at 1030.

6

Plaintiff must submit objective evidence that would reasonably support a finding of disabling pain. *See* 20 C.F.R. § 404.1529(a); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1234 (6th Cir. 1993).

In the present action, the ALJ evaluated the medical and other evidence of record, including plaintiff's daily activities, and found that plaintiff's subjective complaints were disproportionate to the medical evidence and were not fully credible (Tr. 24-26, Finding No. 3). Based on the objective clinical findings and medical opinions of record, summarized above in respect to the weight given to plaintiff's treating physicians, said evidence does not support plaintiff's allegation of disabling back pain. See SSR 96-7p (the objective medical evidence of record and the opinions of plaintiff's physicians are to be considered when making a credibility determination, and the consistency of plaintiff's own statements with information contained in the record bears upon her credibility).

The Magistrate Judge concludes that the record, as a whole, indicates that the ALJ properly evaluated plaintiff's subjective complaints of pain. Consequently, the reviewing court will not second-guess the ALJ or substitute its own credibility findings for those of the Commissioner when there is a discrepancy between plaintiff's testimony concerning her pain and limitations and the medical evidence of record. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1986); *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987) (claimant deemed not credible where the record revealed contradictory statements). For these reasons, plaintiff's argument that the ALJ improperly evaluated her subjective testimony is without merit.

**D.     ALJ's failure to assess plaintiff's mental limitations error in determining plaintiff's RFC**

Plaintiff also asserts that the ALJ failed to assess her mental limitations, resulting in an erroneous determination of her RFC.

In arriving at plaintiff's RFC, as seen from the ALJ's decision (Tr. 22-23), he relied on the testimony of medical expert Dr. McKeown, who testified that plaintiff's abilities to perform mental work-related activities were mostly "fair" (ability is satisfactory) or "good" (ability is more than

satisfactory), and Dr. McKeown also fully explained how he evaluated the evidence of record concerning plaintiff's mental impairment. (Tr. 23-24, 87-105, 555-556).

The limitations included in the ALJ's mental RFC finding (Tr. 25-27, Finding No. 4) are the same as those assessed by medical expert Dr. McKeown after Dr. McKeown reviewed all the relevant evidence of record (Tr. 85). *See Atterberry v. Secretary of Health and Human Services*, 871 F.2d at 570 (where medical expert's testimony is consistent with the evidence of record, it represents substantial evidence); *Buxton v. Commissioner of Social Security*, 246 F.3d at 775 (an ALJ can properly rely on non-examining medical expert testimony). Additionally, the mental limitations assessed by medical expert Dr. McKeown and included in the ALJ's RFC finding are the same mental limitations the ALJ included in his hypothetical question to the vocational expert (Betty Hale), who responded that there were still jobs that plaintiff could perform (Tr. 107-110). Thus, contrary to plaintiff's argument, the ALJ included plaintiff's credible mental limitations in the hypothetical question to the vocational expert.

The ALJ is obligated to assess RFC based upon the record in its entirety, and as the fact-finder, it is the ALJ's duty to resolve conflicts in the evidence. *See* SSR 96-5p; 20 C.F.R. §§ 404.1546(c), 404.1527(c); *Richardson v. Perales*, 402 U.S. at 399; *Bradley v. Secretary of Health and Human Services*, 862 F.2d at 1227; *Hall v. Brown*, 837 F.2d 272, 276 (6th Cir. 1988). Thus, it is exclusively the ALJ's duty as fact-finder to resolve conflicts in the evidence and to determine plaintiff's RFC based upon consideration of the record, which is precisely what the ALJ did at step four of his evaluation when he found that plaintiff could perform a significant range of light work (Tr. 26-27, Finding Nos. 4, 6) and that plaintiff could not perform her PRW (Tr. 27, Finding No. 5).

At step five of the evaluation, the ALJ used Medical-Vocational Rule 202.21 as a framework for decision-making, in conjunction with the VE's testimony, to find that plaintiff could perform other work that existed in the national and regional economies (Tr. 25-27, Finding Nos. 10-11, Tr. 107-110). It is well-settled in the Sixth Circuit that a VE's testimony in response to a hypothetical question accurately portraying plaintiff's limitations provides substantial evidence in support of the

Commissioner's decision that plaintiff is not disabled. *See Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Further, an ALJ is required to incorporate in the hypothetical question only those limitations accepted as credible. *See Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 480 (6th Cir. 1988).

Judicial review of the Commissioner's findings must be based upon the record as a whole. *See Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989) (in the Sixth Circuit, the Commissioner's decision is not required to include every piece of evidence of record, and judicial review of the Commissioner's findings must be based upon the record as a whole). Based on a review of the record, the Magistrate Judge concludes that the record, as a whole supports the ALJ's findings, including his ultimate finding that plaintiff is not under any disability.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #11] be **DENIED**, that the defendant's motion for summary judgment [DE #12] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 26th day of September, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE