UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-10-JBC**

**JENNIFER BLANTON,**                                                                                **PLAINTIFF,**

**V.**                                      **O R D E R**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her application for disability insurance benefits. Upon cross-motions for summary judgment (DE 11, DE 12), the court referred this action to United States Magistrate Judge James B. Todd, who issued the Proposed Findings of Fact and Recommendation (DE 14). The plaintiff has filed objections to the Report and Recommendation.

When the parties to an action submit objections to the Magistrate Judge's report, the district court reviews the record *de novo*. 28 U.S.C. § 636 (b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report on the ground that the Magistrate Judge erred in ignoring records from Ridge Health Systems Center,

consultative examinations performed by psychologist Dr. William Lynne, records from rheumatologist Dr. Rita Egan, and reports from chiropractor Dr. Robert Boardman. The plaintiff also requested a comprehensive review of the arguments set forth in her memorandum in support of her motion for summary judgment and for the court to arrive at its own findings, because the Magistrate Judge failed to adequately analyze those issues and his conclusions were contrary to law.

Review of the ALJ's decision to deny disability benefits is limited to determining whether substantial evidence exists to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y Heath & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Richardson v. Perales*, 402 U.S. 389 (1971). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

### A. Failure to Consider Treating Physicians' Records

A treating physician's opinion is generally entitled to substantial deference. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). However, an ALJ need not defer to a treating physician's conclusions if they are not supported by sufficient medical data. *Id.*

The ALJ explicitly incorporated the records from plaintiff's treatment at Ridge Health Systems Center in 2002 and 2003. The court does not find and the plaintiff

2

has not stated any indication that the ALJ improperly failed to address the evidence contained therein.  The ALJ relied substantially on the testimony of medical expert Dr. Doug McKeown, who also reviewed the entire record.  Dr. McKeown's opinion constitutes substantial evidence, because it is not inconsistent with the record. *Atterberry v. Sec'y Health & Human Servs.*, 871 F.2d 567, 570 (6th Cir. 1989).

The weight afforded to Dr. Lynne's opinions following consultative examinations on September 24, 2004, and May 29, 2003, is supported by substantial evidence.  Dr. Lynne opined that the plaintiff had a Global Assessment of Functioning level (GAF) of 52-56 and 50-52 on those dates, respectively.  AR 439, 542.  On admission to Ridge Behavioral Health System on September 19, 2003, her GAF was 35, and upon discharge on September 23, 2002, it was 60.  AR 460.  The plaintiff was admitted to Ridge again on September 25, 2003 with a GAF of 35; when she was discharged on October 1, 2003, it was 50.  AR 551.  On September 21, 2001, it was assessed at 65 by Dr. John Moffitt.  AR 328.  Doctor Doug McKeown, a medical expert, testified that Dr. Lynne's evaluations were internally inconsistent and contradicted by other evidence on the record.  AR 87-90, 100-105.  The ALJ discredited Dr. Lynne's opinion, because it went "over the edge in translating her histrionic assertions into medical diagnoses."  AR 21.  The ALJ's valuation of Dr. Lynne's opinion is supported by substantial evidence.

The plaintiff's objection that the ALJ failed to properly consider Dr. Egan's opinion is similarly without merit.  The ALJ discredited Dr. Egan's opinion that the

3

plaintiff is disabled, finding it inconsistent with the objective medical evidence. The ALJ's decision is supported by substantial evidence, including: (1) a December 23, 1996, MRI showing a small herniation and slight disc bulge, but no evidence of nerve root entrapment or spinal stenosis (AR 204); (2) a September 25, 1998, MRI showing mild bulges with no stenosis (AR 203); (3) a January 8, 2001, MRI, which revealed no cause for the plaintiff's persistent pain (AR 286); (4) a May 8, 2002, MRI disclosing mild bulges and no significant spinal abnormalities (AR 325); (5) the report of Dr. Westerfield on April 19, 2001, finding no functional limitations (AR 258-59); (6) Dr. Swan's May 24, 2001, report that the plaintiff was capable of performing light work (AR 262-71); and (7) Dr. Higgason's report of August 14, 2001, concurring with Dr. Swan's opinion and rationale (AR 274-81).

A chiropractor's opinion is not an acceptable medical source for social security disability determinations and is therefore not afforded the same weight as an opinion of a treating physician. *Walters v. Comm'r Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). Therefore, the ALJ's failure to refer specifically to Dr. Boardman's reports is not error.

B. **Arguments in the Plaintiff's Motion for Summary Judgment**[1]

---

[1] The court notes that the plaintiff's second objection does not refer the court to the specific findings in the Magistrate Judge's Report and Recommendation of which she is requesting review. Such a general objection may constitute a waiver of appeal of unspecified findings. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). However, the court may still address the arguments incorporated from an earlier brief if it is nonetheless able to determine the points being contested. *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994).

In her motion for summary judgment, the plaintiff asserted that the ALJ erred in finding that her impairment did not meet a listed disability. The ALJ's determination is supported by the testimony of Dr. McKeown and is not contradicted by other evidence on the record.

The plaintiff also argued that the ALJ improperly discredited her testimony regarding her pain, symptoms, and limitations. Subjective complaints can be considered only if objective evidence supports the presence of a medical cause. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ's determination regarding the credibility of a claimant's complaints is entitled to substantial deference. *Blacha v. Sec'y Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990). Nonetheless, the ALJ must explain his reasons for rejecting a claimant's testimony regarding pain. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). The ALJ provided sufficient explanation of the weight given to the plaintiff's subjective complaints, noting that she continued to work for three years following her back injury and that the record does not demonstrate significant difficulty walking or support the severity and duration of pain alleged by the plaintiff. AR 24. The ALJ also discussed the plaintiff's daily activities. AR 25. Thus, the ALJ's credibility determination is supported by substantial evidence.

Finally, the plaintiff claims that the ALJ failed to account for her mental limitations in determining her residual functional capacity ("RFC"). The RFC incorporated the plaintiff's mental problems as described by Dr. McKeown. Dr.

5

McKeown's opinion is consistent with the record and therefore constitutes substantial evidence. *Atterberry*, 871 F.2d at 570. The RFC attributed to the plaintiff by the ALJ is supported by substantial evidence. Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED** as the opinion of the court and the defendant's motion for summary judgment (DE 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 11) is **DENIED**.

Signed on February 10, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY